UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-CV-61476

MICHAEL EDWARD FITZGIBBON; and
CHRISTINA TOY FITZGIBBON,

Plaintiffs,

v.

WINNEBAGO INDUSTRIES, INC.; and
KWS INVESTMENTS, LLC, d/b/a
"LA MESA RV CENTER,"

Defendants.

_____/

**PLAINTIFFS' RENEWED MOTION TO STRIKE DEFENDANTS' EXPERT
WITNESS AND TO EXCLUDE EXPERT WITNESS TESTIMONY
OF MIKE MUFFOLETTO**

Plaintiffs Michael Edward Fitzgibbon and Christina Toy Fitzgibbon (collectively, "Plaintiffs"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 37(c), hereby file this motion seeking an order striking Defendants' insufficient disclosure of expert witness Mike Muffoletto ("Muffoletto"), including any report he may file, and to exclude any testimony from him in this proceeding, and as grounds for support state the following:

**INTRODUCTION**

The Defendants have improperly and insufficiently disclosed Muffoletto as an expert in this case. Their initial expert disclosure fails to attach a report, a disclosure of his prior litigation matters, and his CV—all in violation of Federal Rule of Civil Procedure 26(b)(4). Interestingly,

the Defendants did disclose a duplicative expert, Paul Pierce, with a report, resume, fee schedule, and history of expert testimony. Indeed, Defendants demonstrate they *know how* to disclose experts. For the following reasons, Muffoletto should be stricken from providing expert testimony in this case.

## **STATEMENT OF FACTS**

1. Pursuant to the Joint Scheduling Report, Defendants were required to disclose their expert witnesses by August 1, 2019 (DE 22).

2. On July 2, 2019, this Court granted both parties an extension of time to disclose their respective expert witnesses. Accordingly, Defendants were required to serve their Expert Disclosures on or before August 21, 2019 (DE 30).

3. On August 20, 2019, Defendants served their Expert Witness Disclosure naming Muffoletto, a National Field Service Manager for Winnebago Industries, Inc. *See* Ex. "A". Defendants state that Muffoletto will testify as to his inspections of the recreational vehicle ("RV"), the repair orders and repairs completed on the RV, the condition and current retail value of the RV, the owner relations file, limited warranty, service records, and his findings from a test drive he conducted in August 2019. Defendants further state that Muffoletto will also testify to the relevant parts and components of the RV in relation to the Plaintiffs' complaints, and whether Plaintiffs provided the Defendants with notice and an opportunity to cure the alleged defects in the RV. *See* Ex. A, at 1–2.

4. Defendants state that Muffoletto will base his opinions on his training, experience, and the repair history of the RV. *See* Ex. A, at 2. The Expert Disclosure did not include Mr. Muffolletto's written report.

5. Similarly, Defendants have also designated Paul Pierce as an expert. Pierce is expected to testify as to the same issues. *See* Ex. A, at 2, ¶ 2. Defendants included Pierce's expert report, resume, history of expert testimony, and fee schedule.

6. On September 23, 2019, Defendants filed an Amended Disclosure of Expert Witness to include a Supplemental Expert Report of Pierce. *See* Ex. "B".

7. Again, the Amended Disclosure did not include Mr. Muffolletto's written report.

8. On November 21, 2019, Plaintiffs served a Re-Notice of Taking Videotaped Deposition Duces Tecum to Muffoletto seeking the documents that form the basis of his expert opinion, along with other documents related to his engagement by Defendants. *See* Ex. "C".

9. On November 26, 2019, Defendants provided the Plaintiffs with a link containing a report and other materials used by Muffoletto to form his expert opinion.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(a)(2)(A) mandates automatic expert disclosures: "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." For a testifying expert witness, Rule 26 also requires disclosure of a written report prepared and signed by the witness containing the following: "i) a complete statement of all opinions the witness will express and the basis and reason for them; ii) the facts and data considered by the witness in forming them; iii) any exhibits that will be used to summarize or support them; iv) the witness' qualifications…; v) a list of all other cases, in which during the previous 4 years, the witness has testified as an expert at trial or by deposition; and vi) a statement of the compensation to be paid for the study and testimony." Fed. R. Civ. P. 26(a)(2)(B).

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 [and courts' scheduling orders] is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008). Under Federal Rule of Civil Procedure 37(c), expert reports may be excluded if a party fails to file them prior to the court's deadline. *Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007). Accordingly, trial courts have broad discretion to exclude untimely expert submissions. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310-11 (11th Cir. 2009); *Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004); *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1323 (11th Cir. 2003).

## ARGUMENT

**I.     The Court should strike Muffoletto as an expert witness due to the Defendants' failure to provide the required disclosures of expert witnesses under Rule 26(a)(2)(B).**

Muffoletto is an expert witness subject to the disclosure requirements of Rule 26. The Defendants retained him after the institution of this case for the specific purpose of inspecting and offering his professional opinion about the subject RV. Because he is using his "training, experience, [and] the repair history" to offer an opinion as to the reasons for the defects in the RV, his testimony falls squarely within the purview of Rule 26 and the disclosures required for expert witnesses. Accordingly, the Defendants were required to provide a written report that includes the following: a statement of his opinions; the basis of his opinions; the facts and data considered by him in forming those opinions (*e.g.*, the source of information used determine the current retail value of the RV); any exhibits that are used to summarize or support his opinions (*e.g.*, specification drawings applicable to the construction and assembly of the RV); and a recitation of his qualifications, testimonial history, and compensation obtained for testifying in this case.

Despite the fact that none of information required under Rule 26 was disclosed, now at the 11th hour Defendants have produced a report prepared in November of 2018 along with records and dozens of images used by Muffoletto. This late disclosure is inexcusable and highly prejudicial aside from the fact that it is incomplete and inadequate.

The Defendants cannot benefit from the testimony of an expert witness, while treating him pre-trial like a fact witness. "[To] find otherwise would risk encouraging corporate defendants to attempt to evade the report requirement by designating its own employees first as fact witnesses and then asking them to offer some related expert opinion." *McCulloch v. Hartford Life & Acc. Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004). If Defendants intended on offering Mr. Muffoletto's opinion in this case, they were required to comply with Rule 26(a)(2)(B).

**II.     Muffoletto should be prohibited from testifying in this case.**

Any disclosures pursuant to Rule 26(a)—including expert testimony—must be supplemented or corrected pursuant to Rule 26(e)(1) in a "timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect." Failure to follow Rule 26(a) and 26(e) precludes the "use [of] that information or witness . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Despite attempts to notify the Defendants of the inadequate disclosure, they have failed to cure the issue. Absent a showing that the insufficient disclosure was substantially justified or harmless, the Court should preclude the use of any information or testimony from Muffoletto pursuant to Federal Rule of Civil Procedure 37(c)(1).

When determining whether to exclude untimely expert testimony, courts have considered: (1) the explanation (if any) given for failure to identify the witness, (2) the prejudice to the opposing party if the witness is allowed to testify, (3) the importance of the testimony, and (4) the

possibility that a continuance would cure potential prejudice. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). These same factors apply to late disclosures of expert reports. *See, e.g., Green v. Blitz U.S.A., Inc.*, Case No. 2:07-CV-372, 2008 WL 5572822, at *1-2 (E.D. Tex., Sept. 30, 2008) (applying *Campbell* factors to strike late supplemental expert reports in absence of "any justification . . . for Defendant's noncompliance with the requirements of Fed. R. Civ. P. 26").

**First**, the only explanation offered by the Defendants is that he has not been retained or specially employed to offer testimony in this case. However, this explanation is without weight since Defendants have affirmatively stated that Muffoletto will be testifying as to his opinions in this case. Moreover, even if he has not been specially retained, a written report is mandatory if his duties regularly involve giving expert testimony. Without more, this explanation is insufficient. **Second,** the Plaintiffs are prejudiced by the lack of opportunity to examine and analyze the basis and reasons for Muffoletto's opinions, especially as the Plaintiffs prepare to depose Defendants experts in this case. Defendants may argue that the Plaintiffs will have a second opportunity to depose Muffoletto, if needed, thus, eliminating any prejudice. However, the discovery deadline is soon approaching. It is likely the Plaintiffs will have only one chance to depose Muffoletto. **Third,** the testimony is not necessary or important since Pierce is expected to testify to the exact same issues as Muffoletto. As such, his testimony is duplicative of other expert testimony that would be presented. **Fourth**, a continuance would not cure the defect since the issue is one of inadequate rather than untimely but sufficient disclosure.

Absent substantial justification or lack of harm to the Plaintiffs, Defendants should be precluded from offering testimony from Muffoletto in this case.

**WHEREFORE** Plaintiffs Michael Edward Fitzgibbon and Christina Toy Fitzgibbon respectfully request an order granting this Motion, striking Defendants' Expert Witness Disclosure and Amended Expert Witness Disclosure as to Mike Muffoletto, preclude the Defendants from offering any information or testimony from Muffoletto in this proceeding, grant an award of attorneys' fees and costs for having to seek such court intervention, and for any other relief the Court finds just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2020, I electronically served the foregoing document with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following who appear below:

glenn@asglaw.com
lueckert@asglaw.com
ARumker@asglaw.com
KDavidowitz@asglaw.com

Respectfully submitted.

CONRAD & SCHERER, LLP
*Counsel for Plaintiffs*
633 South Federal Highway, 8th Floor
Fort Lauderdale, FL  33301
Telephone:     (954) 462-5500
Facsimile:     (954) 463-9244

By: */s/  Irwin R. Gilbert*
WILLIAM R. SCHERER
Florida Bar No. 169454
wrs@conradscherer.com
IRWIN R. GILBERT
Florida Bar No. 099473
igilbert@conradscherer.com
JESSICA L. KOPAS
Florida Bar No. 169454
jkopas@conradscherer.com
ekreiling@conradscherer.com