UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MICHAEL EDWARD FITZGIBBON and
CHRISTINA TOY FITZGIBBON,

    Plaintiffs,

v.                              CASE NO.: 0:18-CV-61476-WPD

WINNEBAGO INDUSTRIES INC., and
KWS INVESTMENTS, LLC, d/b/a
"LA MESA RV CENTER",

    Defendants.
_____/

**DEFENDANTS' EXPERT WITNESS DISCLOSURE**

    Defendants, by and through their undersigned counsel and pursuant to the parties' Joint Scheduling Report, hereby submit this Expert Witness Disclosure and would state as follows:

1.    Mike Muffoletto
    Winnebago Industries, Inc.("Winnebago")
    c/o AndersonGlenn LLP
    2650 N. Military Trail, Suite 430
    Boca Raton, FL 33431

    Mr. Muffoletto is the National Field Service Manager for Winnebago. Mr. Muffoletto is reasonably anticipated to testify regarding his inspections of subject Recreational Vehicle ("RV") and his findings from said inspections as it pertains to the current issues noted in the subject repair orders and Plaintiffs' Complaint. It is also anticipated that he will be testifying as to whether the alleged issues in the subject repair orders and the Complaint have been repaired, whether any of them are the result of defects in material or workmanship and whether Plaintiffs provided Defendants notice and an opportunity to cure the alleged defects. Finally, it is anticipated that he will testify regarding the condition of the RV as well as the current retail value of the RV. Mr.

1

Muffoletto will base his opinions on his training, experience, the repair history of the subject RV, owner relations file on the subject RV, the Winnebago basic limited warranty, service records, his inspections and test drive of the RV.

Additionally, Defendants will elicit testimony from Mr. Muffoletto on all complaints and allegations about the RV made by the Plaintiffs as well as all components and parts relevant to the Plaintiffs' claims. Mr. Muffoletto will ultimately testify that Winnebago was not given notice and an opportunity to repair the alleged defects in the RV and that the RV has not suffered any diminished value because of any issues Plaintiffs may have encountered with the RV as alleged in their Complaint.

2. Paul Pierce
   c/o AndersonGlenn LLP
   2650 N. Military Trail, Suite 430
   Boca Raton, FL 33431

Mr. Pierce is reasonably anticipated to testify regarding his inspection of subject RV and his findings from said inspection as it pertains to the current issues noted in the subject repair orders and Plaintiffs' Complaint.  It is also anticipated that he will be testifying as to whether the alleged issues in the subject repair orders and the Complaint have been repaired, whether any of them are the result of defects in material or workmanship and whether Plaintiffs provided Defendants notice and an opportunity to cure the alleged defects.  Finally, it is anticipated that he will testify regarding the condition of the RV as well as the current retail value of the RV.  Mr. Pierce will base his opinions on his training, experience, the repair history of the subject RV, the owner relations file on the subject RV, the Winnebago basic limited warranty, service records, his inspection and test drive of the RV.

Additionally, Defendants will elicit testimony from Mr. Pierce on all complaints and allegations about the RV made by the Plaintiffs as well as all components and parts relevant to the

Plaintiffs' claims. Mr. Pierce's report, his resume, a list of cases in which he has testified as an expert at trial or by deposition and his fee schedule are attached to this disclosure as Exhibits A, B, C, and D, respectively.

RESPECTFULLY submitted this 20th day of August, 2019.

**ANDERSONGLENN LLP**

*s/ John J. Glenn*
**John J. Glenn, Esq.**
Florida Bar No.: 957860
jglenn@asglaw.com
**Kelli E. Lueckert, Esq.**
Florida Bar No.: 0013548
lueckert@asglaw.com
2650 North Military Trail, Suite 430
Boca Raton, Florida 33341
Tel.: (561) 893-9192
Fax: (561) 893-9194

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served on August 20th, 2019 upon William R. Scherer, Esquire, Counsel for Plaintiffs, via electronic mail to:

wrs@conradscherer.com
jkpoas@conradscherer.com

*s/ John J. Glenn*
**John J. Glenn, Esquire**

Exhibit "A"

## Preliminary Investigative Expert Report

Date of Report: 8/19/19

Case: Michael & Christina Fitzgibbon
      V
      Winnebago Ind. & KWS Investments, LLC
Subject: 2016 Winnebago Eclipse Recreational Vehicle ("RV")
VIN: 4UZFCUCY1GCHV5966
Date of Purchase: 9-30-16
Report Offered and Created By: Paul Pierce

1. This report is created in compliance with the Federal Rules of Civil Procedure, Rule 26. It is preliminary in nature. I have been retained by the Defendants in this case to render an opinion regarding the above referenced RV. The supplement to this report will be generated subsequent to a physical inspection that is scheduled for August 27, 2019 at the home of the Plaintiffs in Ft. Lauderdale FL.
2. My analysis and opinions are based on my 35+ years of experience in the RV industry. This experience includes various positions in actual assembly of RV's, physical repair of RV's, manufacturing of RVs and upper level management positions in parts and warranty work for various RV manufacturers. I have established and had sole responsibility of repair shops. My experience is strongly based in the administration of not only warranties, but also RV warranties specifically. I have extensive experience in the litigation process as it applies to RV's, motor vehicles, and Manufacturer/Dealer relations. This experience also includes work in connection with various RVIA (Recreational Vehicle Industry Association) functions and committees. I have attached a copy of my current resume to this report, which further explains my experience and training.
3. This matter involves a dispute between the parties regarding the purchase, repairs and condition of Plaintiffs' Class A  "diesel pusher" RV  purchased by Plaintiffs and manufactured by Winnebago, Ind. The RV was purchased from and repair work was accomplished by Defendant La Mesa RV in Port St. Lucie, FL.
4. In preparation for this report, I have been furnished with the files of counsel for Winnebago and La Mesa. I have reviewed documents that include, but are not limited to the warranty offered by Winnebago, documents associated with the purchase by Plaintiffs, repair orders from La Mesa RV, communications between the parties, and reports of previous inspections. I have also spoken to Michael Muffoletto who is employed by Winnebago.
5. The limited warranty offered by Winnebago and applicable to this RV had a "basic" duration of 12 months or 15,000 miles, whichever occurs first. It has an additional  "Structural" coverage which begins at the termination of the basic limited warranty and has duration of 36 months

1

from the original date of purchase. Based upon the purchase date of 9-30-16 the basic warranty coverage expired on 9-30-17, and the structural coverage will terminate 9-30-19. This Limited Warranty also demands that "In the event you feel the repairs made by an authorized service center fail or are otherwise inadequate, you must contact Winnebago Owner Relations **<u>in writing</u>** and advise them of the failure or inadequacy, including a list of the defects, *and provide Winnebago an opportunity to repair the motorhome prior to claiming a breach of the warranty* (emphasis added). The exception further provides that "Refusal to allow Winnebago an opportunity to repair the motorhome voids warranty coverage for that repair." La Mesa sold the RV to Plaintiffs "AS IS" and otherwise disclaimed all warranties pursuant to the purchase documents executed by Plaintiffs.

6. During the Winnebago warranty period, Plaintiffs took the RV to La Mesa for repairs and service. In some cases, repairs were accomplished, and in other cases La Mesa could not duplicate or locate the alleged issue complained of by Plaintiffs. The accuracy of those diagnostics, as well as the dispute as to the successful nature of those repairs are in part the basis for the litigation at hand.

7. In September of 2017, counsel for Plaintiffs directed a communication to Winnebago and identified six (6) items that were alleged to be in need of repair. Winnebago received this letter in October of 2017. In response on November 9, Cory Nelson of Winnebago replied by way of an email offering regret that there were still issues. He also offered, and asked if the Fitzgibbons "…would like any assistance with repairs? If so let us know…" There is no return communication or no email communication from Plaintiffs or their counsel offering Winnebago the opportunity to repair anything further as is required and discussed in paragraph 6 above.

8. There are no communications addressing the responsive offer to repair by Winnebago, and further, there are no repair orders identifying any presentation of the RV for evaluation or reaction to the 6 items complained of.

9. Subsequent to the above referenced letter, on Dec. 2, 2017 and on January 30, 2018, repair orders were generated at LaMesa RV. Of the 6 items identified in the September letter, only one was identified in the subsequent requests for repair. This would imply that the remaining 5 items were no longer in need of attention.

10. In November of 2018, Michael Muffoletto conducted an inspection of the RV at issue after Plaintiffs filed this lawsuit and in connection with settlement discussions that were taking place amongst the parties. He was supplied with a listing of both past and current complaints from the Plaintiffs. The Plaintiffs were also present for the inspection (as was their lawyer) and assisted in guiding Mr. Muffoletto to their concerns. I have reviewed the report, which Mr. Muffoletto generated regarding his findings, and I have spoken to Mr. Muffoletto regarding the inspection and results. Based upon the experience, knowledge and credibility of Mr. Muffoletto, I feel quite confident in his ability to properly relate the condition of the RV as well as any problems that he identified in his inspection and I am comfortable relying on same. This is something I typically rely upon when rendering opinions in cases like this.

11. There were 19 items identified by the Plaintiffs as being in current need of attention. Of the 19, Mr. Muffoletto was unable to substantiate 12 of them. This left 7 items which might actually be confirmed.

2

12. In my opinion, of the 7 items, one might fall within the scope of the limited warranty offered by Winnebago. This would be the rear bottom corner of the main sidewall behind the rearmost portion of the retracted slide room. Although I have not personally inspected the RV as of yet, I can state that this condition might be the result of a defect in materials or workmanship which may qualify for coverage within the scope of a structural defect.
13. I also believe that this condition could be resolved in minimal time and with minimal effort. In as much as this condition is possibly within the scope of the warranty offered and supplied to the Plaintiffs, there would be no charge to them for the corrective action therefore there is no financial hardship associated with this condition.
14. Remembering that it is my position that the remaining adjustments/repairs fall beyond the scope of the warranty offered by Winnebago, I also believe that the necessary actions to resolve those items are minor.
15. When one considers the level of substantiality of the negative condition of a product, the actual cost of the product is highly relative and of great importance. The existing matter with potential for warranty applicability has a repair value of no more than $1,690.00. The purchase price of this RV was approximately $310,000.00 before taxes, fees, and additional costs. This means that repair costs are well under 1%, actually near .5% of the cost of the RV.
16. Further to the statistics identified in the preceding paragraph, the RV actually can be used in its current condition. Based upon the most recent inspection results as I understand them, the only 2 items that I am aware of that are in need of repair which are functional as opposed to cosmetic in nature are the wall structure previously discussed, and the need for securing the bathroom wall lower portions to the floor in order for the bathroom door to operate properly. This is not however a condition that I believe was presented for repair during the warranty period.
17. The useable condition of the RV is further demonstrated by the most recent odometer reading. At the inspection performed by Mr. Muffoletto, which took place November 8, 2018, the mileage shown was the substantial amount of 17,340.
18. Ultimately, it is my opinion that Plaintiffs did not allow the Defendants an opportunity to repair the alleged defects they claim still exist under the warranty. Notwithstanding, it is also my opinion that the RV has suffered no diminished value as a result of any of the repairs made to it or due to its current condition.
19. Warranties that are provided on motor vehicles, including Recreational Vehicles like the one at issue here, are provided to the consumer to repair those items that might fail during the term of, as well as within the scope of the warranty offered. There is no such thing as a perfect vehicle of any make or model and a manufacturer cannot repair what it does not know is broken. The RV at issue in this case had some warranty repairs performed during the course of the warranty. Plaintiffs have current complaints of certain problems with the RV at issue that may or may not be covered by the applicable warranty. Notwithstanding, to the extent that any of the issues currently complained of by Plaintiffs are covered by the warranty, Winnebago was not given the opportunity to repair said issues. Moreover, I am of the opinion that the issues complained of are minor in nature that could be repaired with relative ease if Winnebago was

3

given the opportunity. To the extent that any defects do exist in the RV, the alleged defects do not impair the use value or safety of the vehicle.

20. The content of this report is true and accurate to the best of my knowledge at the time of inspection and the time that the report is generated. The components, items or events tested and investigated were based upon the documents and information available to the inspector.

21. This report is submitted without bias, and is intended to be respectful to and of all parties involved.

Paul Pierce

Exhibit "B"

# RESUME OF PAUL PIERCE

Education.

DeKalb High School. Waterloo In. Graduated 1977

Professional

**Coachmen Industries; 1982-1984 Recreational vehicle manufacture**

Line worker involved in the actual assembly of Class "A" motor homes.

Promoted to and performed as Group Foreman for several different assembly stations responsible for certain portions of finished product.

**Fan Coach; 1984-1986, Recreational Vehicle manufacture**

Service Parts and Warranty manager;

Responsibilities included:

Review of and payment of warranty claims submitted by dealer body.

Accept, process, fill, and ship all dealer parts orders

Effect physical repairs to product

Communicate with production and management team regarding quality enhancement programs, design, research and development.

Communicate with suppliers regarding vendor recovery of warranty funds and product quality.

**Cobra/Van American 1986-1996, Recreational Vehicle manufacture and Van Converter**

Parts and Warranty manager;

 Ultimately responsible for all products once shipped from manufacture as well as all employees administering the parts and warranty functions.

 Review of, processing of, and payment of all warranty claims.

 Stocking of, and shipment of all parts orders to dealerships for the purpose of repairs or enhancement of products.

 Communicate with production regarding product quality and manufacturing techniques in the interest of product quality and performance.

 Participated in development of dealer relations as it related to quality and product performance.

 Communicate with vendors as it related to warranty matters, recovery of funds expended in the warranty of vendor products.

 Oversee and perform warranty and good will repairs to product at the factory for repairs.


**FOREST RIVER INC.; RECREATIONAL VEHICLE, BOAT, BUS, MOBILE OFFICE, HOUSING MANUFACTURER. 1996-2014**

 Corporate Director of Parts, Service, Warranty.

 Ultimate Corporate responsibility for all Parts, Service and Warranty functions of the company including:

 Set all Corporate Policies and procedures regarding Parts, Service and Warranty programs

 Design and implementation of all warranty functions and direct its staff.

 Design and implementation of all Parts functions and direct its staff.

 Design, set up and staffing of all company service centers effecting physical repairs.

 Participate in weekly meetings relevant to production, quality, after-sale services, code compliance, etc.

 Oversee and manage legal department. Responsible for all product related litigation, dealer/manufacture relations requirements, dealer agreement contracts, statute requirements by state as they apply to consumers, dealers, and products.

Periodic dealer visits to assist with and advise on repair efforts, customer relations, and audits of warranty programs.

Involvement with Technical Service Bulletins, Recalls, Government Reporting.

**MISCELLANEOUS**

Represented company on Recreational Vehicle Industry Association (RVIA) functions and committees.

Have been qualified and provided testimony as an expert in RV manufacturing, construction, service/repair in: Indiana, California, Florida, New York, Texas, Louisiana, Washington, Iowa, Ohio, Michigan, and Alabama.

**HOBBIES AND INTERESTS**

Recreational vehicle travel (own a 2012 class "C" motor home), fishing, golf, motorcycle riding, boating.

Exhibit "C"

### History of Expert Testimony Provided by Paul Pierce

- March 2017; Deposition testimony; Matthews v ARG, Corp.; U.S. District Court. Ft. Wayne, IN; Case No. 1:15-CV-00247

- June 2017; Deposition testimony; Loy v Forest River, Inc.: Roscommon County, MI; Case No. 2016-723120-CP

- July 2017; Deposition testimony; Snow v Forest River, Inc. Orange County, CA. Case No. 30-2016-00841565

- October 2017; Deposition testimony; Weisman v Forest River, Inc. Riverside, CA; RIC 150 4900

- December 2017; Deposition testimony; Cobb v Forest River, Inc. Calcasieu Parish, LA; Case No. 2014-1570

- March 2018; Deposition testimony; Carriere v Forest River, Inc. U.S. District Court, Alexandria, LA; Case No. 1:17-CV-01001

- March 2018; Trial testimony as Expert in RV manufacturing, repair, warranty and evaluation. Dan Hope, *et al*, v Forest River, Inc.; U.S. District Court, Northern Division Ohio; case No. 5:17-CV-133

- June 2018; deposition testimony; Bales v Forest River, Inc. Cuyahoga County Common Pleas Court, Ohio; Case No. CV 17 875918+

- November 2018; deposition testimony; Naquin et al v Forest River, Inc. et al. U.S. District Court, Western District Louisiana. Case No. 1:17-CV-01311

- November 2018; deposition testimony; Shelly Guilbeau v Forest River, Inc. 21st Judicial District Court for the Parish of Tangipahoa, Louisiana. Case #2016-0001527

- January 2019; deposition testimony; Ryan McCullough & Laura Anderson v Forest River, Inc. U.S. District Court, Middle District of Florida. Case No. 6:18-CV-0639-ORL-18GJK

- February 2019; Arbitration hearing testimony; Rhonda Culligan v LaMesa RV; Miami, FL

- May 2019; deposition testimony; Michelle & Dan Harkins v The RV Factory, LLC; U.S. District Court, Northern District of Indiana, South Bend Division. Case #3:17-CV-00853

- May 2019; deposition testimony; Jason & Amber Atchison v The RV Factory, LLC; U.S. District Court, Northern District of Indiana, South Bend Division. Case #3:17-CV-00860

- May/June 2019; William & Darlene Thorne v Sunset Chevrolet, Inc., et. al.; Superior Court Of The State Of Washington, Pierce County. Case #18-2-08897-1.

- July 2019; Trial testimony as fact witness. Thorne v Sunset Chevrolet. Superior Court of the State of Washington, Pierce County. Case #18-2-08897-1.

Exhibit D

# FEE SCHEDULE FOR INVESTIGATIVE INSPECTION & REPORTING

Paul Pierce

6960 S 1200 E

Hudson, IN 46747

260/402-1816

| | |
|---|---|
| Client/Counsel conference time | $120.00 hr. |
| Review of file and associated materials | $120.00 hr. |
| Physical Inspection time   (min. 3 hrs.) | $220.00 hr. |
| Report formulation | $220.00 hr. |
| Deposition/Trial testimony (min 3 hrs.) | $220.00 hr. |
| Travel time (inspection) | $50.00 hr. (max $350.00 per day) |
| Meal expense | $50.00 per day |
| Lodging | $149.00 per day max (when possible) |
| Mileage | .54 per mile |

I use Delta Airlines whenever possible and attempt to use the lowest fares considering reasonable flight departure times as well as layover time considerations. I typically rent intermediate class car from National Car Rental. All expenses are billed at actual cost.

(Revised January 2019)